R. Scott Taylor, OSB No. 74324
Clinton L. Tapper, OSB No. 084883
400 E 2nd Ave., Suite 103
Eugene, OR  97401
Tel (541) 485-1511
Fax (541) 246-2424
Scott@taylortapper.com
Clinton@taylortapper.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MONIKA SETTLEMYER, | CASE NO.: |
| Plaintiff, | COMPLAINT |
| vs. | Breach of Contract, Breach of the Implied Covenant of Good Faith & Fair Dealing, Negligence Per Se |
| FARMERS NEW WORLD LIFE INSURANCE COMPANY (a Washington Corporation), | Claim over $75,000 |
| Defendant. | JURY TRIAL REQUESTED: |

COMES NOW the Plaintiff, represented by the undersigned attorney, and alleges as follows:

SHORT SUMMARY

1.      This is a suit for breach of contract stemming from failure or refusal by Farmers New

World Life Insurance Company (herein Farmers or Defendant) to pay life insurance

benefits owed to Monika Settlemyer (herein Settlemyer or Plaintiff) for the death of John

Charles Medenbach.

JURISDICTION AND VENUE

COMPLAINT                                                                              Page 1 of 5

2.    Settlemyer is and has been at all times material to this complaint an individual domiciled in Lane County Oregon.

3.    Farmers is an insurance company with its primary place of business in King County Washington, licensed to do business in the state of Oregon and subject to the laws of Oregon.

4.    The amount in controversy is over $75,000 and the principal acts and omissions forming the basis of this complaint took place in Lane County Oregon. This Court has diversity jurisdiction over the parties pursuant to 28 USC sections 1332 and 2201.

5.    Venue and Jurisdiction are proper in this Court.

FIRST CAUSE OF ACTION: BREACH OF CONTRACT

6.    Plaintiff herein re-alleges and re-incorporates all preceding paragraphs into this cause of action.

7.    On or about February 13, 2011, John Charles Medenbach, hereafter Medenbach, applied for life insurance in the amount of $150,000 with Farmers.

8.    The policy provided for benefits at Medenbach's death including a $150,000 death benefit.

9.    Plaintiff was the named beneficiary of the policy.

10.    Farmers approved Medenbach's application and issued policy #009308092.

11.    On or about November 5, 2012, Medenbach died in an accident while the policy was in full force and effect.

12.    After Medenbach's death, Plaintiff made a claim for benefits under the policy.

13.    On or about April 2, 2013, Defendant refused to pay the $150,000 due and owing under the death benefit of the policy.

14.    Defendant is in breach of contract for failing and refusing to pay full benefits under the policy.

15.    Plaintiff has performed all required actions and fulfilled all conditions under the policy.

16.     Plaintiff was damaged in the amount of $150,000 due to Defendant's breach.

17.     Plaintiff is entitled to pre-judgment interest at 9% per annum from April 2, 2013, until payment.

18.     Plaintiff has been forced to retain an attorney to assist her with collection of benefits due and owing under the policy, and is entitled to attorney's fees under ORS 742.061.

## SECOND CAUSE OF ACTION: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING

19.     Plaintiff herein re-alleges and re-incorporates all preceding paragraphs into this cause of action.

20.     As part of its obligations under the policy, Farmers owed a duty of good faith and fair dealing.

21.     Farmers failed to uphold the implied covenant of good faith and fair dealing.

22.     As a result of Farmers' failure to uphold the implied covenant of good faith and fair dealing, Farmers failed to perform and is in breach of the contract.

23.     Plaintiff was damaged in the amount of $150,000 due to Defendant's breach.

24.     Plaintiff is entitled to pre-judgment interest at 9% per annum from April 2, 2013, until payment.

25.     Plaintiff has been forced to retain an attorney to assist her with collection of benefits due and owing under the policy, and is entitled to attorney's fees under ORS 742.061.

## THIRD CAUSE OF ACTION: NEGLIGENCE PER SE

26.     Plaintiff herein re-alleges and re-incorporates all preceding paragraphs into this cause of action.

27.     Defendant is subject to the standards of care enumerated in ORS 746.230 and ORS 746.240 which forbid Defendant from:

     a.     Misrepresenting facts or policy provisions in settling this claim;

COMPLAINT

b.     Refusing to pay this claim without conducting a reasonable investigation based on all available information;

c.     Not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear

d.     Compelling Plaintiff to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants;

e.     Engaging in any trade practice in Oregon that, although not expressly defined and prohibited in the Oregon Insurance Code, is found by the Director of the Department of Consumer and Business Services to be an unfair or deceptive act or practice in the transaction of insurance that is injurious to the insurance-buying public.

28.    The duties of care above and in this statute are designed to prevent the harm Plaintiff suffered in this case.

29.    Defendant violated these statutes and failed to adhere to these duties of care in the investigation and payment of Plaintiff's insurance claim.

30.    Defendant's breach of this duty caused Plaintiff to suffer fear, upset, and emotional distress. Plaintiff incurred noneconomic damages in an amount to be determined at trial, but not to exceed $150,000.

Prayer

23.    WHEREFORE: Plaintiff prays the Court for relief

a.  In the amount of $150,000.00, Economic Damages;

b.  In the amount of $150,000.00, non-Economic Damages;

c.  Costs and fees as applicable pursuant to Oregon Law;

d.  Pre-judgment interest at the rate of 9% per annum on economic damages in the amount of $150,000 from April 2, 2013;

COMPLAINT

    e.   Reasonable attorney's fees pursuant to ORS 742.061;

    f.   Any other such relief the court deems just and appropriate.

DATED: 2/25/14


    /S/ R. Scott Taylor

    _____

    R. Scott Taylor, OSB # 74324
    Of Attorneys for Defendant


COMPLAINT